Margaret L. CAREY, Plaintiff,

v.

TEXTRON, INC. (E–Z–GO TEXTRON),
Defendant.

No. CIV.A. 03–12053–NMG.

United States District Court,
D. Massachusetts.

Nov. 15, 2004.

Richard E. Brody, Jocelyn M. Sedney, Brody, Hardoon, Perkins & Kesten LLP, Boston, MA, George F. Leahy, Law Office of George F. Leahy, Boxford, for Margaret L. Carey, for Margaret L. Carey, Plaintiff.

Mark A. Darling, Cogavin and Waystack, Boston, for Richard Tatelman, Defendant.

Gerald C. DeMaria, John F. Kelleher, Patrick B. Landers, Higgins, Cavanagh & Cooney, Providence, RI, for Textron, Inc., Defendant.

Edward J. Denn, Robert J. Gilbert, Jeffrey B. Renton, Gilbert & Renton, Andover, MA, for Board of Governors of the Kernwood Country Club, Brian Strasnick, Bruce S. Rafey, Edward Rice, Estelle Whitman, Gerard Gordon, Howard Rosenkrantz, Irving Weisman, J. Bruce Gordon, James M. New, Jerold Garfield, Lawrence Slater, Martin C. Goldman, Michael Rubin, Richard Bane, Richard Rothbard, Richard Tatelman, Stephen Madow, Defendants.

Kevin M. Hensley, Warren, Hnesley, & Bowen, LLP, Boston, MA, for Frank Cole, Defendant.

John D. Boyle, Lisa V. Kouchakdjian, Boyle, Morrissey & Campo, P.C., Boston, MA, for Michael Rubin, Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The present dispute relates to a wrongful death claim brought by Margaret L. Carey ("Carey"), Administrator of the Estate of Adam P. Carey, against Textron, Inc. ("Textron"). Textron seeks to depose Carey's former attorney in this matter, Roy Gelineau ("Attorney Gelineau") and Carey now moves for a Protective Order to prevent Textron from doing so.

### I. *Factual Background*

On September 16, 2000, Plaintiff's decedent, Adam P. Carey, was fatally injured while operating a golf cart that was manufac-

tured by Textron. Plaintiff retained Attorney Gelineau to represent her interests and he immediately made an effort to preserve the subject golf cart as evidence.[1]

On October 6, 2000, Attorney Gelineau made a written request to the Salem Police Department, then in possession of the cart, not to release it until he could examine it with an expert. Later in October, Steven Carr, who was in charge of golf cart maintenance at the country club where the incident occurred, witnessed two unidentified men examining the cart at the police station. Textron surmises that Attorney Gelineau and an expert were the two men whom Carr saw.

The golf cart has since disappeared and Textron alleges the affirmative defense of spoliation. Textron now seeks to depose Attorney Gelineau and Carey has moved for a protective order to prevent that deposition from being taken.

## II. *Legal Analysis*

Plaintiff contends that both the attorney-client privilege and the work-product doctrine mandate the issuance of a protective order. Those grounds are addressed seriatim.

### A. Attorney–Client Privilege

Plaintiff argues that Attorney Gelineau may not be deposed because "there is a continuing attorney client privilege protecting any and all information that Attorney Gelineau has regarding this matter". That proposition, however, misstates the law of privilege.

■ It is elementary that the "[a]ttorney-client privilege protects *communications* made between a lawyer and client for purpose of obtaining legal advice." *Judge Rotenberg Educational Center, Inc. v. Commissioner of the Dept. of Mental Retardation,* 424 Mass. 430, 677 N.E.2d 127, 145 (1997)(emphasis added). Plainly, the privilege does not apply to "all information" that Attorney Gelineau has concerning the matter. *See id.* Rather, the privilege is limited to information relating to his discussions with Carey and, because none of the information that Textron seeks relates to such communi-

cations, privilege is irrelevant. Thus, the attorney-client privilege is not grounds for the issuance of a protective order. Obviously, however, Defendant may not broaden the scope of its deposition to include inquiry into areas that are clearly privileged.

### B. Work–Product Doctrine

■ Carey next argues that, under the work-product doctrine and its application in *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986), Attorney Gelineau may not be deposed. The work-product doctrine exists to protect the "mental impressions" of attorneys from discovery by the opposing party where there is no "showing of necessity". *Hickman v. Taylor,* 329 U.S. 495, 508–10, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Courts have not reached a consensus on the appropriate application of the doctrine to the deposition of an attorney. *See Shelton,* 805 F.2d 1323 (employing a three-part test for whether the deposition of an attorney is appropriate). *But see In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 71–72 (2d Cir.2003)(rejecting *Shelton* in favor of a "totality of the circumstances" test). The application of the work-product doctrine to a deposition of an attorney is an issue of first impression in the First Circuit.

■ Fortunately, this Court need not make law here because, on the facts of the case, a limited deposition is warranted under any reasonable standard. The crucial piece of evidence (i.e. the product in a products liability case) has gone missing and Attorney Gelineau was, possibly, the only person to examine it. In her papers, Plaintiff assumes that Textron seeks only to learn the location of the cart, but that assumption is incorrect because Textron also is entitled to discover the condition of the cart, efforts to preserve it and how it was eventually lost. Quite possibly, Attorney Gelineau is the only person who possesses some or all of that information. Given that Textron has a credible defense of spoliation, the information being sought takes on especially large importance.

**1.** Attorney Gelineau no longer represents Carey in this matter.

Moreover, the fact that Attorney Gelineau no longer represents Carey in this matter reduces the degree interference that any deposition of him would introduce. He, presumably, does not possess information concerning Plaintiff's current litigation strategy. Thus, under the circumstances, the Defendant's need to depose Attorney Gelineau outweighs any countervailing consideration.

Because the work-product doctrine is applicable, however, Textron will not be given "carte blanche" to inquire into anything it desires. Textron may not, for example, inquire into the mental impressions that Attorney Gelineau formed from his examination of the golf cart or the litigation strategy, if any, that he generated from it. Likewise, Attorney Gelineau may not be asked to produce any written notes that he made in connection with his investigation to the extent that they contain his mental impressions. Finally, as previously discussed in this Court's November 8, 2004 Memorandum and Opinion (Docket No. 92), the Court assumes that counsel, as officers of the court, will work together effectively so as to depose Attorney Gelineau without incident.

### ORDER

In accordance with the foregoing, Plaintiff's motion for a Protective Order (Docket No. 79) is **DENIED.** If the Defendant chooses to depose Attorney Gelineau, it will, however, proceed strictly in accordance with this Memorandum and Order.

**So ordered.**